# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Bridget Cooper, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Ally Financial, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Bridget Cooper, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Bridget Cooper ("Plaintiff"), is an adult individual residing in Decatur, Georgia, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Ally Financial, Inc. ("Ally"), is a business entity with an address of 200 Renaissance Center, Detroit, Michigan 48265-2000, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual agents employed by Ally and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Ally at all times acted by and through one or more of the Agents.

## FACTS

8. Within the last year, Ally began placing calls to Plaintiff's cellular telephone in an attempt to collect a consumer debt allegedly owed by Plaintiff.

9. At all times mentioned herein, Ally placed calls (from # 866-833-6029) to Plaintiff's cellular telephone (xxx-xxx-7172) by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered calls from Ally, she experienced a brief period of silence before a live representative would come on the line.

11. During a conversation with Ally, Plaintiff explained that the debt Ally was calling, specifically a car loan about had been paid and requested that Ally cease all calls to Plaintiff's cellular telephone.

12. Plaintiff had a previous business relationship with Ally and had originally provided her cellular telephone number to be reached.

13. However, Ally no longer had consent to place calls to Plaintiff after being repeatedly requested to cease all calls.

14. Regardless, Ally continued to place calls to Plaintiff's cellular telephone knowing that it lacked consent to do so.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed

3

by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18. Ally's telephone systems have earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Ally's telephone system would connect her to the next available representative.

19. Upon information and belief, Ally's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Ally continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times not to call and knowing there was no longer consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Ally was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Ally to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 9, 2013

                Respectfully submitted,

                By: /s/ Sergei Lemberg, Esq.
                Attorney Bar No.: 598666
                Attorney for Plaintiff Bridget Cooper
                LEMBERG LAW L.L.C.
                1100 Summer Street, Third Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250 ext. 5500
                Facsimile:   (203) 653-3424
                Email: slemberg@lemberglaw.com